IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2096-F

| | | |
|---|---|---|
| DAVID LAMAR APPLEWHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN W. KELLER, Secretary of N.C. | ) | |
| Department of Correction, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This matter arises from the petition for writ of habeas corpus (D.E. # 7), pursuant to 28 U.S.C. § 2254, filed by David Lamar Applewhite ("Applewhite" or "petitioner"). Petitioner is a state inmate under sentence for convictions on counts of voluntary manslaughter and shooting into an occupied property. Presently before the court are respondents' motion for summary judgment [D.E. # 13], petitioner's response [D.E. # 16], and petitioner's own motion for summary judgment [D.E. # 18]. For the reasons that follow, the court orders that respondents' motion for summary judgment will be granted, that petitioner's motion for summary judgment will be denied, and the petition for writ of habeas corpus will be dismissed because it is barred by the applicable statute of limitations.

### STATEMENT OF THE CASE

Applewhite was convicted on July 12, 2007, in the Superior Court of Wayne County. Because the facts underlying his conviction are not essential to this court's disposition of the motion for summary judgment, the court omits a recitation of the facts shown at trial and focuses on the

procedural events which are dispositive of this matter. Petitioner appealed his conviction to the North Carolina Court of Appeals, which affirmed his conviction on May 6, 2008. See State v. Applewhite, 190 N.C. App. 132, 660 S.E.2d 240 (N.C. Ct. App. 2008). Petitioner's "notice of appeal" of the Court of Appeals' decision was denied by the North Carolina Supreme Court on August 26, 2008. See State v. Applewhite, 362 N.C. 475, 666 S.E.2d 648 (N.C. 2008). Petitioner did not seek certiorari review of this decision in the United States Supreme Court.[1]

On November 13, 2009, petitioner filed a motion for appropriate relief ("MAR") challenging his sentence. On December 9, 2009, the Superior Court of Wayne County denied the MAR. On December 28, 2009, petitioner filed a petition for writ of certiorari review of this decision with the North Carolina Court of Appeals. On January 13, 2010, the Court of Appeals denied the petition. On December 2, 2010, petitioner filed a second MAR in the Superior Court of Wayne County. This second MAR was denied on February 9, 2011.

On May 17, 2011, petitioner signed and submitted his initial handwritten petition for habeas corpus relief, as well as an accompanying motion for leave to proceed *in forma pauperis*. On May 20, 2011, these submissions were filed in the United States District Court for the Middle District of North Carolina. On May 23, 2011, the petition was transferred to this District. On June 1, 2011, the court entered an order [D.E. # 5] instructing petitioner to file his petition on the form prescribed for use by § 2254 petitioners in this court. On July 1, 2011, petitioner filed his petition [D.E. # 7] on the correct form. On September 7, 2011, respondents filed the instant motion for summary judgment

---

[1] Although petitioner claims that he filed a petition for writ of certiorari with the U.S. Supreme Court on direct review, see Pet. 3-4, he admits that he is unable to verify such a filing, id., and none is apparent in the record, recognized by respondents, or evident in a search of the Supreme Court's publicly accessible docket files. Nor did petitioner offer additional evidence of his filing of such a petition in response to respondents' assertion that he did not do so.

2

[D.E. # 13] as well as a supporting memorandum [D.E. # 14]. On September 22, 2011, petitioner filed his response [D.E. # 16]to the motion for summary judgment, a supporting memorandum [D.E. # 17], and his own motion for summary judgment [D.E. # 18].[2] The matter is now ripe for ruling.

## DISCUSSION

I. Standard of Review

    A. Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). A "material" fact is identified by the substantive law, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not simply rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248-49, but instead "must come forward with specific facts showing

---

[2] Petitioner's motion for summary judgment warrants little attention and will be summarily denied. The motion consists of three sentences and asserts that petitioner is entitled to summary judgment because "there are genuine material facts on one or all of petitioner's claims." Pet'r's Mot. 1. Apart from his glaring misunderstanding of the summary judgment standard, the motion is itself plainly inadequate under Rule 56 of the Federal Rules of Civil Procedure, which requires a party seeking summary judgment to "identif[y] each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). Moreover, the party seeking summary judgment, or contesting a motion for summary judgment, must "support [his] assertion" by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). Petitioner's own motion for summary judgment grossly fails to adhere to these requirements.

3

that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original and quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a court views the facts and reasonable inferences drawn from the parties' submissions in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249-250 (citations omitted) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . .").

II.   Petitioner's Claims

The petition presents one ground for relief which appears to include three distinct allegations of error warranting habeas relief. Petitioner claims as follows: 1) he "was never charged for or indicted for vol. manslaughter[;]" 2) "the state court failed to present the warrant defendant took out on decendant [sic] [;]" and 3) his conviction for "discharging of a firearm into occupied property violates his const. protection of double jeopardy." Pet. [D.E. # 7] 6.

III.   Analysis

Respondents contend that the petition is barred by the applicable statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year of any of four applicable triggering events set forth in the statute. 28 U.S.C. § 2244 (d)(1). The limitation period begins to run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Pursuant to § 2244(d)(2), the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." An application for post-conviction review is pending from "initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review) . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Finally, the AEDPA's statute of limitations is subject to equitable tolling if the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, _ U.S. _, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)).

Considering the content of the petition, there is no basis upon which to assess its timeliness other than § 2244(d)(1)(A), the requirement that the petition be filed within one year of the date the conviction becomes final. Relying mostly upon petitioner's own description of the procedural history of his case, see Pet. 1-6, respondents assert that the petition "is over one year and three months out of time." Resps.' Mem. 6. Petitioner's conviction became final for purposes of §
5

2244(d) on November 24, 2008, when the time in which he could have filed a petition for certiorari review of his direct appeal in the U.S. Supreme Court expired. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). Thus, the statute of limitations began to run on November 25, 2008, and continued running for 353 days until November 13, 2009, when petitioner filed his first MAR in the Superior Court. The limitations period was then tolled from November 13, 2009, until January 13, 2010, when the North Carolina Court of Appeals denied Applewhite's petition for certiorari review of the denial of his first MAR.[3] Thus, the limitations period then resumed running on January 14, 2010, and expired twelve days later on January 26, 2010. The instant petition was filed at the earliest on May 17, 2011, more than fifteen months late.[4]

In his petition, Applewhite offers the following explanation as to why the petition is not barred by the statute of limitations: "Petitioner has been filing other motions, also petitioner is a layman at law." Pet. 14. Respondents assert that both of these justifications are insufficient and that petitioner is not otherwise entitled to equitable tolling of the limitations period. Resps.' Mem. 6-10.

---

[3] Statutory tolling of the limitations period ended with the North Carolina Court of Appeals' denial of certiorari review because, in non-capital cases, "[d]ecisions of the Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C. Gen. Stat. § 7A-28(a). See also N.C. R. App. P. 21(e) ("In [non-capital cases,] petitions shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases.").

[4] To the extent that petitioner might assert that the filing of his second MAR on December 2, 2010, somehow renders his federal petition timely, he is mistaken. The filing of a state petition for collateral review after the expiration of AEDPA's one-year period of limitations does not revive or restart the federal habeas limitations period. Brown v. Langley, 348 F. Supp.2d 533, 536 (M.D.N.C. 2004) (citing Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)). See also Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003). Thus, because the one-year limitations period had already expired by the time petitioner filed his second MAR, that filing has no affect on the timeliness of the federal habeas petition.

6

In his response to the motion for summary judgment, petitioner wholly fails to address respondents' argument that his petition is time-barred. See Pet'r's Mem. [D.E. # 17]. Thus, the court may consider respondents' assertions of fact undisputed and award summary judgment "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2) & (3). As set forth above, respondents' motion and supporting materials, indeed even the petition itself, show that the petition was filed more than a year after petitioner's conviction became final for purposes of § 2244.

Because the undisputed facts establish that the petition is untimely, the court turns to the only justifications petitioner has offered for excusing this untimeliness: his purported filing of "other motions" and his status as "a layman at law." As respondents contend, neither basis is sufficient to justify his failure to timely file the petition. First, petitioner does not describe what "other motions" he has filed which he contends provide a basis for either statutory or equitable tolling. Nor does he describe when such motions were filed. However, as set forth above, even petitioner's filing of his second MAR does not affect the court's analysis because it was filed after the expiration of the AEDPA limitations period. To the extent petitioner is alluding to other, undescribed motions he may have filed in state court seeking to obtain materials like transcripts or documentary evidence and the like, courts generally recognize that a petitioner's efforts to obtain documents from counsel, the Government, or the courts is not, even where those efforts are thwarted, sufficient to warrant equitable tolling from the standpoint of requisite diligence or "extraordinary circumstances." See United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished decision) (finding that, although petitioner "doggedly pursued a transcript" and other relevant legal documents from his attorney, he "failed to show that he diligently pursued his § 2255 motion"); Rivera v. United States,

7

719 F. Supp.2d 230, 234-236 (D. Conn. 2010) (finding that petitioner failed to show "extraordinary circumstances" or reasonable diligence where he sought over prolonged period to obtain documents from his counsel, such documents were mishandled by prison mail room when finally sent by attorney, and where petitioner had asked for extension of the limitations period prior to its expiration); and United States v. Cervantes, 2008 WL 4200163, at *2 (D. S.D. Sept. 11, 2008) (citation omitted) ("Delays in obtaining documentary evidence to support a motion to vacate do not entitle the defendant to an extension of the limitations period. While defendant may desire to have copies of certain discovery documents or briefs, possession of those documents is not a prerequisite to filing a motion to vacate."). Thus, petitioner's filing of "other motions" does not entitle him to statutory or equitable tolling of the limitations period in this instance.

Nor is petitioner entitled to equitable tolling due to his being a "layman at law." Generally, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). The Fourth Circuit has reaffirmed this principle even after Holland. See Oriakhi, 394 F. App'x at 977 (remarking that "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling").

In short, due to his failure to respond to respondents' argument that his habeas corpus petition is untimely and that he is not entitled to equitable tolling of the limitations period, petitioner has failed to demonstrate any dispute of material fact concerning the timeliness of his petition. Accordingly, the court finds that the petition is untimely, that petitioner is not entitled to equitable tolling of the limitations period, that respondents are entitled to summary judgment, and that the petition is due to be dismissed.

8

Case 5:11-hc-02096-F Document 20 Filed 08/02/12 Page 8 of 10

719 F. Supp.2d 230, 234-236 (D. Conn. 2010) (finding that petitioner failed to show "extraordinary circumstances" or reasonable diligence where he sought over prolonged period to obtain documents from his counsel, such documents were mishandled by prison mail room when finally sent by attorney, and where petitioner had asked for extension of the limitations period prior to its expiration); and United States v. Cervantes, 2008 WL 4200163, at *2 (D. S.D. Sept. 11, 2008) (citation omitted) ("Delays in obtaining documentary evidence to support a motion to vacate do not entitle the defendant to an extension of the limitations period. While defendant may desire to have copies of certain discovery documents or briefs, possession of those documents is not a prerequisite to filing a motion to vacate."). Thus, petitioner's filing of "other motions" does not entitle him to statutory or equitable tolling of the limitations period in this instance.

Nor is petitioner entitled to equitable tolling due to his being a "layman at law." Generally, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). The Fourth Circuit has reaffirmed this principle even after Holland. See Oriakhi, 394 F. App'x at 977 (remarking that "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling").

In short, due to his failure to respond to respondents' argument that his habeas corpus petition is untimely and that he is not entitled to equitable tolling of the limitations period, petitioner has failed to demonstrate any dispute of material fact concerning the timeliness of his petition. Accordingly, the court finds that the petition is untimely, that petitioner is not entitled to equitable tolling of the limitations period, that respondents are entitled to summary judgment, and that the petition is due to be dismissed.

IV.     Certificate of Appealability

Having determined that the petition is due to be dismissed, the court now considers whether petitioner is entitled to a certificate of appealability. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has adjudicated and denied a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show that the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484)). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of the petition debatable or wrong and no issue is adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability will be denied.

## CONCLUSION

For all of the reasons stated above, it is ORDERED as follows:

a. respondents' motion for summary judgment [D.E. # 13] is GRANTED;

b. petitioner's motion for summary judgment [D.E. # 18] is DENIED; and

c. the petition for writ of habeas corpus [D.E. # 7] is DISMISSED because it is barred by the applicable statute of limitations.

SO ORDERED. This the 2nd day of August, 2012.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge